### Erickson v. Schauble.

*Contract—Rescission—Automobile—Inspection of similar car—Return of deposit.*

Where the seller of an automobile agrees that if the car is not acceptable to the purchaser, the deposit paid shall be refunded, and the purchaser, after inspecting an automobile of exactly the same model and a duplicate of the one ordered, declares that it is not acceptable, he is entitled of a return of the money.

Demurrer to statement of claim. C. P. Erie Co., May T., 1924, No. 486.

*Gunnison, Fish, Gifford & Chapin,* for plaintiff.

*C. A. Mertens,* for defendant.

ROSSITER, P. J., Nov. 5, 1925.—The plaintiff brings this action to recover $100, the amount deposited with the defendant on a contract to purchase a Marmon automobile. The contract attached to the plaintiff's statement provides for the style of car, price, etc., and contains the following provision: "If the car is not acceptable to purchaser, deal is to be declared void and deposit refunded." The statement also avers that the plaintiff inspected a new Marmon automobile in the City of Cleveland, Ohio, of exactly the same model and the same in every respect as the automobile described in the contract, and from said inspection determined that the automobile proposed to be delivered to him was not acceptable. To this statement the defendant interposes a statutory demurrer to the effect that the contract provided that "No agreement, verbal or otherwise, not embodied herein will be recognized as binding;" and, further, that the statement of plaintiff shows on its face that plaintiff did not comply with the conditions set forth in the contract by inspecting the car which it was proposed to deliver under the said contract.

In our opinion, the statement is good, in that it avers an automobile the same in every respect as that described in the contract was refused by the plaintiff. The one described in the contract, therefore, would not have been acceptable, and, hence, the provision relative to refunding the deposit above quoted became operative. The fact that the automobile was not brought here for inspection is not important, for the law does not require a party to do a useless thing.

The demurrer is, therefore, now, Jan. 5, 1926, overruled and the defendant is given ten days in which to file an affidavit of defence.

From Otto Herbst, Erie, Pa.